# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 3, 2008

No. 08-30346
Summary Calendar

Charles R. Fulbruge III
Clerk

DEANNA PUEBLA

Plaintiff - Appellant

v.

DENNY'S, Inc.

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
(06-CV-3189)

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Plaintiff Deanna Puebla brought this suit against her employer, Denny's Inc., asserting a hostile work environment claim under Title VII of the Civil Rights Act of 1964.[1] The district court granted summary judgment in favor of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 42 U.S.C. § 2000e.

Denny's on the grounds that Denny's satisfied, as a matter of law, the Ellerth/Faragher[2] affirmative defense. We reverse and remand.

I

Plaintiff alleges that she was sexually assaulted by her manager twice in the same day, first after being lured into a back alley and a second time as she attempted to flee. Plaintiff, after being threatened by the manager not to tell anyone, went home crying, took a shower, and fell asleep. The next morning, afraid to return to work, she went to a different Denny's location at which she had previously worked. There she reported the incident to two managers. Denny's corporate management and the police were contacted immediately. As a result, the police arrested her manager that day and Denny's fired him the following day.

II

This Court reviews grants of summary judgment de novo, applying the same standard as does a district court, viewing the evidence in a light most favorable to the non-movant.[3]

The district court assumed without deciding that there was a genuine issue of material fact regarding the creation of a hostile work environment. It ruled, instead, that even if a hostile work environment existed, Denny's established the Ellerth/Faragher affirmative defense as a matter of law. The Ellerth/Faragher affirmative defense requires the employer to prove by a preponderance of the evidence "(a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive

---

[2] Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 764-65 (1998); Faragher v. City of Boca Raton, 524 U.S. 775, 807 (1998).

[3] Lauderdale v. Tex. Dep't of Criminal Justice, Institutional Div., 512 F.3d 157, 162 (5th Cir. 2007).

or corrective opportunities provided by the employer or to avoid harm otherwise."[4]

We agree with the district court that Denny's met its burdens as to prong one. Denny's took immediate and permanent corrective action by promptly firing Plaintiff's supervisor.

We disagree, however, that Denny's has met it burden as to prong two. The district court ruled that Denny's proved that Plaintiff unreasonably failed to take advantage of corrective or preventive measures by not reporting the incidents on the day they occurred to her immediate supervisor or to corporate offices.

To the contrary, we find that Plaintiff's actions were reasonable. She left the restaurant on the day of the incident fearing for her safety and for her job security. Afraid to return to work the next day, she reported the incident to managers at another location and they immediately contacted Denny's corporate offices and the police. Under the circumstances in this case, it would be absurd to require Plaintiff to have immediately returned to the location of the incident in order to report the sexual assault to the perpetrating manager.

Moreover, the purpose of the second prong is to curtail employer liability in situations where the employee failed "'to use such means as are reasonable under the circumstances to avoid or minimize the damages' that result from violations of the statute."[5] Here, Plaintiff's response did not hamper Denny's ability to remedy the situation. The damage had been done in an isolated, yet

---

[4] Id. at 164 (quoting Faragher, 524 U.S. at 807).

[5] Faragher, 524 U.S. at 806-07 ("If the plaintiff unreasonably failed to avail herself of the employer's preventive or remedial apparatus, she should not recover damages that could have been avoided if she had done so.").

severe and egregious, incident. Plaintiff brought the incident to light in a safe and effective way and before any additional incidents occurred.

The district court erred in ruling that Plaintiff's response was unreasonable as a matter of law. The district court's ruling is REVERSED and this matter is REMANDED for further proceedings as required.